## PETER TORELLO
*vs.*
## HENRY G. FALSEY, ET AL.

Coram: Hon. John Rufus Booth, a Judge of the Superior Court at New Haven

**MEMORANDUM FILED JULY 27, 1939**

*Alfonce C. Fasano,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* Corporation Counsel, of New Haven, for the Defendants.

BOOTH, J. The plaintiff is the owner of property located at 301 Orchard Street, New Haven, which he purchased after first obtaining from the Board of Zoning Appeals of the city permission to use the same as a mortuary parlor, and after first obtaining from the building inspector of said city permission to make the proposed alterations therein. Subsequently, however, and after the premises had been altered to conform to the use granted, an appeal taken to this court from the aforesaid action of the aforesaid board resulted in a judgment setting aside and vacating such action. No appeal has been taken from the above decision.

Thereafter the petitioner again applied to the Board of Zoning Appeals for permission to use the premises as formerly intended, but this latter application was denied. From this ruling the petitioner has appealed to this court, which appeal is returnable to the first Tuesday of September next.

He now seeks a temporary injunction restraining the defendants from interfering with his use of the premises as a mortuary parlor until such time as his present appeal is determined.

The claim of the petitioner is that the first action of the

Board of Zoning Appeals granting him the right to use the premises as a mortuary parlor, vested in him a right which could not be divested by subsequent action of the board.

The action which changed his position, however, was not taken by the Board of Zoning Appeals but by the court. Therefore, the principle contended for has no application to the present situation. This leaves him merely in the position of an appellant whose petition has been denied by the board and not one whose vested rights have been invaded by the said board.

In his reasons of appeal the petitioner raises several questions of law. Whether they are substantial will depend upon the showing made upon the hearing upon the main issues and cannot be decided upon the evidence now before the undersigned.

In any event it is the opinion of the undersigned that the exigencies of the situation are not such as to justify the issuance of a temporary injunction at this time and the petition is, therefore, accordingly denied, without prejudice against a renewal thereof should any substantial change in conditions occur.